# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH JOAN RAMOS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>　　　　　　Defendant.<br>_____/ | Case No. 1:22-cv-00007-SKO<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>(Doc. 22) |

After successfully obtaining reversal of an Administrative Law Judge's ("ALJ") decision denying her application for Social Security disability benefits, Plaintiff filed an application for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $11,057.36. (*See* Doc. 22.) On August 7, 2023, Defendant filed an opposition asserting that the number of hours sought by Plaintiff is unreasonable and should be reduced accordingly. (Doc. 25.)

For the reasons set forth below, Plaintiff's application for EAJA fees is GRANTED IN PART.

**I.　　BACKGROUND**

Plaintiff filed this action on December 30, 2021, seeking judicial review of a final administrative decision denying her application for Social Security disability benefits. (Doc. 1.) On April 24, 2023, the Court issued an order reversing the ALJ's decision and remanding the case for award or benefits based on the ALJ's failure to properly evaluate Plaintiff's testimony regarding her shortness of breath symptoms. (Doc. 20.)

On July 24, 2023, Plaintiff filed a motion for EAJA fees, contending she is the prevailing party in this litigation and seeking a total award of $11,057.36. (*See* Doc. 22.) Defendant timely filed an opposition. (Doc. 25.) It is Plaintiff's motion for attorney's fees under the EAJA that is currently pending before the Court.

## II.     LEGAL STANDARD

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir.1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff"). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez*, 274 F.3d at 1257.

## III.     ANALYSIS

There is no dispute Plaintiff is the prevailing party in this litigation and that the

Government's position was not substantially justified.  Moreover, the Court finds Plaintiff did not unduly delay this litigation, and Plaintiff's net worth did not exceed two million dollars when this action was filed.  (*See* Doc. 22-1 ¶ 1.)  The Court thus considers below whether the hours expended by Plaintiff on this case are excessive.

Plaintiff seeks a total award of $11,057.36, comprised of 48.75 hours of attorney time.  (*See* Doc. 22.)  Defendant does not object to Plaintiff's hourly rates, but asserts that that the attorneys spent an unreasonable number of hours on this case. (Doc. 25.)  Specifically, Defendant asserts that Plaintiff's attorneys' time spent researching and drafting Plaintiff's opening and reply briefs should be reduced because they concern relatively straightforward issues and are largely duplicative, and that the time spent on the EAJA motion was excessive, given its simplicity. (*See id*.)  Defendant recommends a reduction of 15 hours billed by Plaintiff's attorneys.  (*Id*. at 9.)

The EAJA provides for an award of "reasonable" attorney fees.  28 U.S.C. § 2412(d)(2)(A).  By statute, hourly rates for attorney fees under EAJA are capped at $125 per hour, but district courts are permitted to adjust the rate to compensate for increases in the cost of living.[1]  28 U.S.C. § 2412(d)(2)(A); *Sorenson v. Mink*, 239 F.3d 1140, 1147-49 (9th Cir. 2001); *Atkins*, 154 F.3d at 987.  Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'"  *Atkins*, 154 F.3d 988 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  The district court must consider "the relationship between the amount of the fee awarded and the results obtained."  *Id*. at 989.  Counsel for the prevailing party should exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" as a lawyer in private practice would do.  *Hensley*, 461 U.S. at 434; *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client.").

---

[1] In accordance with the formula set forth in *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), the Ninth Circuit maintains a list of the statutory maximum hourly rates authorized under the EAJA, as adjusted annually to incorporate increases in the cost of living.  The rates are found on that court's website: https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates.  Plaintiff requests an hourly rate of $217.54 for attorney work performed in 2021; an hourly rate of $234.95 for attorney work performed in 2022; and an hourly rate of $242.78 for work performed in the first half of 2023.  (*See* Doc. 22-1.)  These rates are consistent with the statutory maximum rates as set forth by the Ninth Circuit.

A court must "provide a concise and clear explanation of the reasons" for its attorney award calculation. *Hensley*, 461 U.S. at 433, 437; *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). It has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988). "Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434. The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

According to Plaintiff's motion, the tasks completed by Plaintiff's attorneys Jonathan Pena, Esq. and Dolly Trompeter, Esq. include reviewing the ALJ's decision and the administrative record that was approximately 1,009 pages; drafting Plaintiff's opening brief and reply brief; and preparing a motion and declaration in support of a request for EAJA fees now pending before the Court. (*See* Doc. 22.) After independently reviewing the individual time entries on the timesheets submitted by Plaintiff's attorneys (*see* Doc. 22-1), the Court finds that some of time expended by Plaintiff's attorneys is excessive. For example, the attorneys billed 5.0 hours summarizing the medical evidence and "relevant testimony and administrative history" and then later billed 7.5 hours to "detail" and "incorporate" that same evidence into Plaintiff's opening brief. (*See id*. at 2.)

The attorneys also billed 8.5 hours researching "unfamiliar diagnoses" and incorporating "relevant [federal district court] case law research" in the opening brief. (*Id*. at 2–3.) The "unfamiliar diagnoses" research appears to consist of four unique footnotes in the opening brief, which are then repeated throughout. (*See* Doc. 15 at 5, 7, 8, 11, 12, 13.) Moreover, the "case law research" included in Plaintiff's opening brief is comprised of string-citations that appear in several opening briefs filed by Plaintiff's attorneys' firm in other cases. (*Compare, e.g*., Doc. 15 at 19 *with Miranda v. Kijakazi*, Case No. 1:20-cv-01250-SKO, Doc. 20 at 10, 12 (filed Oct. 15, 2021) *and Russo v. Saul*, Case No. 1:19-cv-01453-SKO, Doc. 20 at 22 (filed Sept. 18, 2020).)

Plaintiff's attorneys billed 16.0 total hours reviewing Defendant's opposition and preparing an 8-page <u>optional</u> reply brief (*see* Doc. 22-1 at 3), yet the brief largely repeats the opening brief's arguments—in many instances reproducing sections *in toto*, *see, e.g.,* Doc. 26 at 2, 3, 4, 5, 6, 7.

4

1   Finally, the attorneys billed 3.75 hours for preparing the EAJA motion and supporting declaration.
2   (*See* Doc. 22-1 at 3.)  Based upon the Court's familiarity with the actions filed by Plaintiff's
3   attorneys' firm, the Court is aware that this is basically a form motion, with only the names of the
4   parties, amount requested, and the itemization of services changed to reflect the facts specific to this
5   case.  (*Compare, e.g.*, Doc. 22 *with Gutierrez de Garcia v. Kijakazi*, Case No. 1:22-cv-00255, Doc.
6   24 (filed May 31, 2023).)  *See Lopez v. Astrue*, No. 1:10-CV-01012-AWI-GSA, 2012 WL 2052146,
7   at *5 (E.D. Cal. June 6, 2012) (observing "the similar nature of . . . EAJA petitions and billing
8   statements" filed by counsel, and awarding 1.5 hours for the work related to the EAJA motion);
9   *Fontana v. Astrue*, No. 1:10-cv-00932 DLB, 2011 WL 2946179, at *3 (E.D. Cal. July 21, 2011)
10  (allowing 1.5 hours for preparation of the EAJA application).

11         For the reasons set forth above, the Court will deduct 15 hours from Plaintiff's attorneys'
12  time, in accordance with Defendant's proposal.

13         In reviewing Plaintiff's remaining hours, the Court is mindful that, "[b]y and large, the court
14  should defer to the winning lawyer's professional judgment as to how much time was required to
15  spend on the case; after all, [they] won, and might not have, had [they] been more of a slacker."
16  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).  With this deference in mind,
17  and considering the circumstances of this case, the Court finds the remaining time expended by
18  Plaintiff's attorneys on the various tasks, and the total time of 33.75 hours (which includes the 15-
19  hour reduction, above) to be reasonable.  *See, e.g., Leu v. Kijakazi*, No. 1:21-CV-01057-GSA, 2022
20  WL 17542429, at *4 (E.D. Cal. Dec. 8, 2022) (awarding 24.1 hours for pursuing the case to
21  judgment and an additional 6.5 hours for litigating the fee motion, bringing the total award to 30.6
22  hours); *Gonzales v. Kijakazi*, No. 1:20-CV-01530-SKO, 2022 WL 2539807, at *4 (E.D. Cal. July
23  7, 2022) (finding 38.4 hours expended reasonable considering the tasks performed by counsel and
24  the results achieved); *Mendoza v. Saul*, No. 1:18-CV-00925-SKO, 2020 WL 406773, at *4 (E.D.
25  Cal. Jan. 24, 2020) (awarding 32.4 hours as reasonable); *Dean v. Astrue*, No. CIV S-07-0529 DAD,
26  2009 WL 800174, *2 (E.D. Cal. Mar. 25, 2009) (approving 41 hours, noting it was at the upper end,
27  where remand after filing a motion for summary judgment on client's behalf).  *See also Costa v.*
28  *Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting that 20 to 40 hours is the

most common range of hours typically sought and granted in Social Security cases).

## IV.    CONCLUSION AND ORDER

Based on the foregoing, the Court finds that Plaintiff's attorneys reasonably expended 33.75 hours litigating this case.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for attorney's fees under the EAJA (Doc. 22) is GRANTED IN PART;

2. Plaintiff is awarded attorney's fees under the EAJA in the total amount of $7,893.43 (2.75 hours at $217.54 rate; 29.5 hours at $234.95 rate; and 1.5 hours at $242.78); and

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's attorneys, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees (*see* Doc. 22-2 at 1–2) and pay fees directly to Plaintiff's attorneys.

IT IS SO ORDERED.

Dated:   **August 21, 2023**            /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE